UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIRGILIO TORRES, | Civil Action No. 17-359 (MCA) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| GARY M. LANIGAN, | |
| Defendants. | |

This matter has been opened to the Court by Plaintiff's filing of a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging inadequate medical care in violation of the Eighth Amendment. The Court previously granted Plaintiff's application to proceed *in forma pauperis*. Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).[1] For the reasons explained in this Memorandum Opinion, the Court will dismiss with prejudice the § 1983 claims for damages

---

[1] Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

against Defendants in their official capacities and will dismiss without prejudice the § 1983 claims for inadequate medical care. In the absence of a viable federal claim, the Court will deny supplemental jurisdiction over any potential state law claims and will provide Plaintiff with 30 days within which to submit an amended complaint.

The Court first addresses whether Plaintiff states any claims for relief under 28 U.S.C. § 1983. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, "to state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed or caused by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Here, Plaintiff has sued Defendants Gary M. Lanigan, George O. Robinson, Bridget Hogan, and John Doe 1 in their official and personal capacities and seeks damages and injunctive/declaratory relief. The Court will dismiss with prejudice the official capacity claims for damages against the state Defendants, because these claims are essentially damages claims against the state. And the state is not a "person" subject to suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68-70 (1989) (holding that States and governmental entities considered "arms of the State" for Eleventh Amendment purposes are not "persons" within the meaning of § 1983); *Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officers sued for

damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them.").

The Court construes Plaintiff's Complaint to allege that he was provided with inadequate medical care in violation of the Eighth Amendment. The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir.1999) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). In order to state an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. *See Spruill v. Gillis*, 372 F.3d 218, 235–36 (3d Cir. 2004); *Natale v. Camden Cty. Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

In order to prevail under § 1983, a plaintiff must assert that each defendant had personal involvement in the alleged wrongs, and liability cannot be predicated solely on the operation of *respondeat superior*.[2] *Rizzo v. Goode*, 423 U.S. 362 (1976); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, Plaintiff fails to state § 1983 claims for inadequate medical care against Defendants Lanigan, Robinson, and Hogan, as the Complaint states only that these Defendants are "legally responsible for" the operation of the prison and/or the medical care of

---

[2] It is not clear if Plaintiff is attempting to assert claims for supervisory liability against these Defendants. A deliberate indifference claim against a supervisor requires a showing that "'(1) [the supervisor's policies] created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy [ ]." *Lopez v. Corr. Med. Servs., Inc.*, 499 F. App'x 142, 146 (3d Cir. 2012) (quoting *Beers–Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001)); *see also Barkes v. First Correctional Med., Inc.*, 766 F.3d 307, 317 (3d Cir. 2014), *judgment rev'd sub nom on different grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015). In a nutshell, "[a] highranking prison official can expose an inmate to a danger by failing to correct serious known deficiencies in the provision of medical care to the inmate population." *Barkes*, 766 F.3d at 324. Where this test is met, the official need not have specific knowledge of any particular inmate's plight or the failure of subordinate officials to treat the inmate's serious medical condition. *Id.*

inmates. (ECF No. 1, Compl. at ¶¶ 4-7.) Such allegations are premised solely on a theory of *respondeat superior* liability, which is not a basis for relief under § 1983. The Court will therefore dismiss without prejudice the § 1983 claims for inadequate medical care as to Defendants Lanigan, Robinson, and Hogan.

Plaintiff also fails to allege a § 1983 claim against Defendant John Doe 1, the only other Defendant identified in the caption of the Complaint. (ECF No. 1, Compl. at 1.) To state a claim under the Eighth Amendment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious."[3] *Rouse*, 182 F.3d at 197. "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). For instance, a plaintiff may make this showing by establishing that the defendants "intentionally den[ied] or delay[ed] medical care." *Giles*, 571 F.3d at 330. The Third Circuit has found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Notably, however, allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Pierce v. Pitkins*, 520

---

[3] "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (per curiam) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir.2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))). Here, Plaintiff alleges sufficient facts to show he has a serious medical condition.

F. App'x 64, 66 (3d Cir. 2013) (*per curiam*) (citing *Estelle*, 429 U.S. at 105–06); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001). Such allegations rise only to the level of potential medical malpractice, which are insufficient to state a cognizable deliberate indifference to a serious medical need claim under § 1983. *See Spruill*, 372 F.3d at 235 ("Allegations of medical malpractice are not sufficient to establish a Constitutional violation.") (citations omitted); *see also Bramson v. Sulayman*, 251 F. App'x 84, 86 (3d Cir. 2007) (*per curiam*) ("[Plaintiff's] complaint makes clear that the defendants treated him on many occasions. He claims those treatments proved ineffective and that defendants negligently failed to diagnose his heart condition, but those allegations do not state an Eighth Amendment claim.") (citing *Estelle*, 429 U.S. at 107–08 & n.16.)

Plaintiff alleges in the Complaint that John Doe 1, a medical doctor at Northern State Prison, treated him in June 2014 after Plaintiff fell out of his bunk bed and injured his back and hip. (ECF No. 1, Compl. at ¶¶ 9-13.) John Doe 1 allegedly provided Plaintiff with Motrin and approved his return to the general population but "did not conduct or order any scientific medical examination of Plaintiff as a result of the fall." (*Id.* at ¶ 11.) John Doe 1 also allegedly diagnosed Plaintiff with arthritis, and Plaintiff appears to disagree with this diagnosis, as he did not have arthritis prior to his fall from the bunk bed. (*Id.* at ¶ 13.) There are no other allegations in the Complaint against John Doe 1.[4] The Court finds that the allegations against John Doe 1 do not rise to the level of an Eighth Amendment violation evincing deliberate indifference to

---

[4] Because John Doe 1 last treated Plaintiff in 2014, Plaintiff allegations against him also appear time barred under the two-year statute of limitations for claims brought pursuant to § 1983. *See Montgomery v. DeSimone*, 159 F.3d 120, 126 & n. 4 (3d Cir. 1998); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989) (finding that New Jersey's two-year limitations period on personal injury actions, N.J.S.A. § 2A:14–2, governs claims under section 1983).

Plaintiff's serious medical needs. Rather, these allegations at best suggest that John Doe 1 may have misdiagnosed Plaintiff and/or committed medical malpractice, which is not actionable under § 1983. As such, the Court will dismiss without prejudice the claims against John Doe 1.

The remaining allegations in the Complaint (*see* ¶¶ 14-27) detail Plaintiff's requests for medical treatment for his injuries during the period from June 2014 through October 2016. Plaintiff alleges that he submitted medical requests, complaining that he was experiencing increasing pain and decreasing mobility due to the 2014 fall. (*Id.* at ¶ 14.) Plaintiff requested to be taken to the hospital or other facility for "more sophisticated examinations", but unidentified medical personnel "ignored his pleas insisting that he continue taking pain medication and attending physical therapy." (*Id.*) Further, the "medical services personnel at Northern State Prison did not recommend or order that Plaintiff undergo more extensive examinations in response to [Plaintiff's] disclosure that he was experiencing more acute pain in his lower back and side." (*Id.* at ¶ 16.) Plaintiff further alleges that his condition during this period was "deteriorat[ing]" and that he began having trouble moving his legs and hips. (*Id.* at ¶ 17.) In June or July 2016, unidentified medical staff were summoned to the yard because Plaintiff was lying prone and unable to move, which Plaintiff alleges was a direct result of the 2014 fall. (*Id.* at ¶ 18.) After that incident, he was taken to the infirmary, where he was questioned; however, medical personnel did not examine him or perform any procedures. (*Id.* at ¶ 19.) Several months later, on October 14, 2016, Plaintiff fell again in his cell and was transported to the infirmary; at that time, he was advised by the treating physician that he would be transported to an outside medical facility for an MRI or CAT scan because those tests were needed to diagnose his condition. (*Id.* at ¶ 21.) It is not clear whether Plaintiff received the MRI or CAT scan.

The Court notes that the generically-identified medical personnel described in paragraphs fourteen through twenty seven are not named as John Doe Defendants, and it is impossible to determine if the same medical personnel treated Plaintiff on the dates provided in the Complaint or if he was treated by different medical personnel each time. Nor has Plaintiff provided sufficient facts suggesting that any of these individual medical personnel were deliberately indifferent to his serious medical needs, *i.e.*, knew of his need for medical treatment but <u>intentionally</u> refused to provide it, delayed necessary medical treatment for a nonmedical reason, or prevented him from receiving needed or recommended treatment. To the contrary, the Complaint acknowledges that Plaintiff was receiving pain medication and physical therapy for his injuries, and that prison medical personnel wanted him to continue with that course of treatment. After his second fall, however, a prison physician determined that he needed an MRI and/or CAT scan. Although Plaintiff alleges that his condition was worsening, and that he wanted "more sophisticated tests" to diagnose his injuries, he does not deny that he was receiving treatment for his injuries and ultimately was referred to a specialist for an MRI or CAT scan. It is well-established that "'[m]ere disagreement as to the proper course of medical treatment'. . . is insufficient to state an Eighth Amendment claim." *Artis v. Jin*, 642 F. App'x 92, 95 (3d Cir. 2016) (*Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)); *see also Norris v. Frame*, 585 F.2d 1183, 1186 (3d Cir.1978) ("Where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim."). For these reasons, the Complaint, as currently drafted, fails state an Eighth Amendment claim for

deliberate indifference to his serious medical needs against any of the "medical personnel" listed in the Complaint, and the Court will dismiss this claim without prejudice.[5]

Finally, it is unclear whether Plaintiff's Complaint also raises state law claims for relief. Because the Court has dismissed the federal claims, the remaining potential basis for this Court's jurisdiction over Plaintiff's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284–1285 (3d Cir. 1993). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc.*, 983 F.2d at 1284 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers*, 383 U.S. at 726; *Growth Horizons, Inc.*, 983 F.2d at 1284–1285. Here, the Court has dismissed the federal claims without prejudice at the

---

[5] Having dismissed Plaintiff's substantive claims, the Court need not separately address Plaintiff's request for injunctive and declaratory relief.

earliest possible stage of the proceedings and exercises its discretion to decline supplemental jurisdiction at this time.[6]

For the reasons stated above, the Court dismisses with prejudice the § 1983 claims for damages against Defendants in their official capacities. The Court dismisses without prejudice the § 1983 claims for inadequate medical care against Defendants in their personal capacities. To the extent Plaintiff alleges state law claims, the Court declines to exercise supplemental jurisdiction over those claims at this time. The Court will provide Plaintiff with thirty days to submit an amended complaint to the extent he can cure the deficiencies in those claims the Court has dismissed without prejudice. An appropriate order follows.

_____
Madeline Cox Arleo, U.S.D.J.

Date: 10/10, 2017.

---

[6] If Plaintiff files an Amended Complaint that both (1) alleges a valid federal claim and (2) asserts state-law claims, the Court will exercise supplemental jurisdiction over his state law claims at that time. To the extent Plaintiff's decides not to file an Amended Complaint in this court, Plaintiff is free to assert his state law claims in state court.